two legal standards emerge from this case. First, if an employer's medical expert merely recognizes a claimant's complaints of pain, the employer's burden in a termination proceeding will be satisfied if the expert unequivocally testifies to a full recovery, a return to work without restriction, and no objective medical findings regarding the claims of pain, as stated above.

However, and I emphasize, if an employer's medical expert does acknowledge, attest to or support the existence of the claimant's ongoing or continuous pain, then he or she must also specifically opine that the pain is unrelated to the work injury for the employer to be successful in a termination proceeding. This standard derives from, and is required by, the employer's burden to prove that all work-related disability has ceased. *Pieper.*

Applying its holding to the case *sub judice,* the majority properly determines that USAir met its burden of proof. The majority specifically finds that USAir's medical expert's reference to Ms. Udvari's complaints of pain did not preclude the termination of benefits. Rather, the majority explains that USAir's expert gave Ms. Udvari "the benefit of the doubt" that *she believed* that she experienced some sort of pain, i.e., that the expert merely recognized that Ms. Udvari complained of pain. As USAir's medical expert did not acknowledge that Ms. Udvari suffered from pain, he was not required to opine that such pain was unrelated to the work injury for USAir to be successful in its attempt to terminate Ms. Udvari's benefits.

For the above stated reasons, I join in the majority opinion.

NIGRO, J., joins this concurring opinion.

UNIONTOWN AREA SCHOOL DISTRICT

v.

PENNSYLVANIA LABOR RELATIONS BOARD in Behalf of UNIONTOWN AREA EDUCATION ASSOCIATION and Yolanda S. Defino.

Petition of UNIONTOWN AREA EDUCATION ASSOCIATION and Yolanda S. Defino.

Supreme Court of Pennsylvania.

Feb. 19, 1998.

### ORDER

PER CURIAM.

AND NOW this 19th day of February, 1998, the Petition for Allowance of Appeal is GRANTED, limited to the issue of whether PERA covers a union employee who applies for a non-promotion, management position outside the bargaining unit.

UNIONTOWN AREA SCHOOL DISTRICT

v.

PENNSYLVANIA LABOR RELATIONS BOARD in Behalf of UNIONTOWN AREA EDUCATION ASSOCIATION and Yolanda S. Defino.

Petition of PENNSYLVANIA LABOR RELATIONS BOARD.

Supreme Court of Pennsylvania.

Feb. 19, 1998.

### ORDER

PER CURIAM.

AND NOW this 19th day of February, 1998, the Petition for Allowance of Appeal is GRANTED, limited to the issue of whether PERA covers a union employee who applies for a non-promotion, management position outside the bargaining unit.

**Rhonda S. FENTON, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Respondent.**

Supreme Court of Pennsylvania.

Feb. 25, 1998.

### ORDER

PER CURIAM.

AND NOW, this 25th day of February, 1998, the Petition for Allowance of Appeal is hereby GRANTED. The parties are directed to speak to the applicability of *Commonwealth of Pennsylvania, Dep't of Transp. v. Renwick*, 543 Pa. 122, 669 A.2d 934 (1996) and *Olbrish v. Commonwealth of Pennsylvania, Dep't of Transp.*, 152 Pa.Cmwlth. 423, 619 A.2d 397 (1992) to this case.

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Roberto VARGAS.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1997.

Decided Feb. 27, 1998.

Catherine Marshall, Helen Kane, Philadelphia, for Com., appellant.

Daniel Paul Alva, Philadelphia, for appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

CASTILLE and NEWMAN, JJ., file dissenting statements.

CASTILLE, Justice, dissenting.

The issue raised in this matter is whether the Superior Court erroneously remanded this matter to the trial court where the trial court refused to allow appellee to delay the start of the second day of his trial in order to change from prison-issued clothing into clothes that his family had brought for him to the courtroom. I must respectfully dissent from the majority's decision to dismiss this matter as improvidently granted because I believe that this Court should determine whether the trial court's refusal was harmless error and whether the Superior Court erred in holding that the trial court abused its discretion. Additionally, this Court has had few opportunities to offer guidance to the lower courts concerning the impact of a prisoner's clothing at trial in a criminal matter.

A summary of the evidence supporting appellee's conviction is as follows: On March 12, 1992, appellee solicited four other men to join in the armed robbery of the victim in